**Hans W. MAERKER, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71483, A74–408–521.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Dec. 14, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Hans W. Maerker, Vancouver, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Donald A. Couvillon, John C. Cunningham, U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

### MEMORANDUM**

Hans Wolfe Maerker, a citizen of Germany, petitions pro se for review of the Board of Immigration Appeals's ("BIA's") March 13, 2003 decision to deny his application for a "good faith" marriage waiver under § 216(c)(4)(B) of the Immigration and Nationality Act. *See* 8 U.S.C. § 1186a(c)(4)(B). We have jurisdiction over the petition pursuant to 8 U.S.C. § 1252(a). We deny the petition for review.

Because Maerker failed to exhaust his administrative remedies with regard to his substantive challenge to the Immigration Judge's ("IJ's") denial of his § 216(c)(4)(B) waiver application, we lack subject matter jurisdiction over that issue and our review is limited to Maerker's jurisdictional challenge. 8 U.S.C. § 1252(d)(1); *see Barron v. Ashcroft*, 358 F.3d 674, 676–77 (9th Cir.2004). Maerker argues that the IJ lacked jurisdiction to properly consider the petition to remove conditions of residence because the Immigration and Naturalization Service ("INS")[1] failed to give proper notice of its intent to deny his waiver application and failed to give him the opportunity to rebut any adverse evidence pursuant to 8 C.F.R. § 103.2(b)(16)(i) and 8 C.F.R. § 216.3(a).[2]

After the termination of his marriage to Susan Massaro, upon which his conditional permanent resident status was based, Maerker applied for a § 216(c)(4)(B) waiver of the joint petition filing requirement. Maerker contends that he should have been provided notice of the INS's intent to deny his waiver application and opportunity to rebut any derogatory evidence used by the INS to reach this decision based on 8 C.F.R. § 216.3(a). We are not persuaded by this argument. Maerker fails to appreciate that a plain reading of 8 C.F.R. § 216.3(a) reveals that it applies to the affirmative termination of an alien's conditional permanent resident status by the INS during the two-year conditional period and is inapposite where, as here, an alien has ap-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The IJ considered this case before the INS was abolished and its functions were transferred to the Department of Homeland Security. *See* 6 U.S.C. § 542. The agency will be referred to as the "INS."

2. The parties also refer to 8 C.F.R. § 1216.3(a) for the same proposition. As this is an INS case, the Court will cite to 8 C.F.R. § 216.3(a) and other INS regulations.

plied for a § 216(c)(4)(B) waiver of the joint filing requirement.

The INS regulations provide a comprehensive scheme for adjudication of an alien's conditional permanent resident status. Sections 216.3(a) and 216.4(c)(4) specifically provide an alien with conditional permanent resident status the opportunity to rebut, before actual termination, any derogatory evidence used by the INS in either determining to affirmatively terminate permanent resident status prior to the end of the conditional two-year period or rejecting a joint petition for removal of the conditional permanent resident status. Section 216.5(f), which governs the adjudication of a waiver of the joint petition filing requirement, does not provide the alien the right to rebut any derogatory evidence used in the INS director's decision to deny the waiver. Rather, 8 C.F.R. § 216.5(f) states that the alien may seek review of the INS director's denial of the waiver application in subsequent removal proceedings. During the April 18, 2000 hearing before the IJ, Maerker renewed his application for waiver of the joint filing requirement.

Even if we read Maerker's brief liberally to include a challenge under the INS's general notice and opportunity to rebut regulations contained in 8 C.F.R. § 103.2(b)(16)(i), his appeal is still unsuccessful. Assuming without deciding that the INS should have provided notice and an opportunity to rebut, any such failure was harmless. The record demonstrates the IJ provided Maerker ample opportunity to rebut any derogatory evidence not known to him at the time of the director's denial of his waiver application. The IJ established a pre-hearing procedure that required the parties to submit a pre-hearing statement within ten days of the hear-

ing containing any documents that the parties planned to rely upon in the course of the proceedings. Maerker also provided rebuttal testimony after his former wife and former sister-in-law testified against him during the hearings before the IJ. These procedures provided Maerker adequate notice and opportunity to rebut any evidence relied upon by the INS in its denial of his waiver application.

After careful examination of the record and de novo review of the applicable regulations, we find no error in the IJ's denial of Maerker's motion to terminate proceedings for lack of jurisdiction, nor in the BIA's denial of Maerker's § 216(c)(4)(B) waiver application.

**PETITION DENIED.**